IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTICT OF WEST VIRGINIA
AT HUNTINGTON

| | |
|---|---|
| DANA A. WEBB, SR. and MAIDA D. WEBB, his wife,<br><br>    Plaintiffs,<br><br>v.<br><br>KANAWHA RIVER TERMINALS, LLC, a limited liability company, in its own right and as owner or owner *pro hac vice* of the M/V Dorothy L and M/V A.S. Maynard and a fleet of barges and 3 work barges;  SUNCOKE ENERGY, INC., a corporation; and SUNCOKE ENERGY PARTNERS, LP, a limited partnership, t/a SunCoke Energy, in their own right and as owner or owner *pro hac vice* of the M/V Dorothy L and M/V. A.S. Maynard and a fleet of barges and 3 work barges,<br><br>    Defendants. | Civil Action No. 3:19-cv-00883 |

## COMPLAINT

Plaintiffs, DANA A. WEBB, SR. and MAIDA D. WEBB, his wife, by their attorneys, THE MOSCHETTA LAW FIRM, P.C., hereby file this Complaint as follows:

## COUNT I

## NEGLIGENCE PURSUANT TO 33 U.S.C. §905(B)

*Dana A Webb, Sr.*
*vs.*
*Kanawha River Terminals, LLC, Suncoke Energy, Inc. and*
*Suncoke Energy Partners, LLC*
*in their own right and as owners or owners pro hac*
*vice of certain vessels and barges*

1. This is a case of admiralty and maritime jurisdiction, and is a claim within the meaning of Federal Rule of Civil Procedure 9(h), over which this Court has jurisdiction under 28 U.S.C. § 1333, pursuant to the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§901 and 905(b), and the General Maritime Law of the United States of America; venue is proper under 28 U.S.C. §1391.

2. Plaintiffs, **DANA A. WEBB, SR.**, and **MAIDA D. WEBB**, are adult individuals and husband and wife currently residing in Louisa, Lawrence County, Kentucky; their post office address is 3668 North Highway 3, Louisa, KY 41230.

3. Defendant, **KANAWHA RIVER TERMINALS, LLC** (hereinafter "KRT"), is a Delaware Limited Liability Company having an office and principle place of business located at 100 Main Street and River Front, Ceredo, Wayne County, West Virginia 25507. Its registered Agent for service of process in West Virginia is Corporation Service Company, 209 West Washington St., Charleston, WV 25302. Its registered Agent for service of process in Delaware is Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

4. Defendant, **SUNCOKE ENERGY, INC** (hereinafter SunCoke), is a Delaware corporation having an office and principle place of business in Lisle, DuPage County, Illinois; its post office address is 1011 Warrenville Road, Suite 600, Lisle, IL 60532. The Defendant is doing business within the jurisdiction of this Honorable Court located 100 Main & River St, Ceredo, Wayne County, West Virginia 25507. Its registered agent for service of process is Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

5. Defendant, **SUNCOKE ENERGY PARTNERS, LP** (hereinafter SunCoke), is a Delaware Limited Partnership having an office and principle place of business in Lisle, DuPage

County, Illinois; its post office address is 1011 Warrenville Road, Suite 600, Lisle, IL, 60532.  Its registered Agent for service of process in Delaware is Corporation Service Company, 251 Little Falls Drive, Wilmington, DE  19808.

6. At all times herein mentioned, Defendant SunCoke Energy, Inc. (SXC) and its sponsored master limited partnership subsidiary, SunCoke Energy Partners, LP, (SXCP) were engaged in producing and selling coke used in blast furnaces for the production of steel in the United States.  They also provided metallurgical and thermal coal mixing and handling terminal services through and with one of its partners, Defendant, KRT at Defendant, KRT's Ceredo Terminal.

7. At all times herein mentioned, Defendants KRT and SunCoke, jointly and severally, owned and operated a dock and harbor facility on the Ohio River at Mile Marker 314.5 at Ceredo, Wayne County, West Virginia.  This facility was equipped with a coal barge loader as well as a coal barge off loader (unloader).

8. At all times herein mentioned, Defendant KRT was owner and/or owner *pro hac vice* of various work and fleet of barges moored at KRT's above-referenced Harbor and Dock Facility; said Defendant was also owner or owner *pro hac vice* of the M/V Dorothy L (USCG #973156) and M/V. A.S. Maynard, used as harbor boats for the purpose of navigating barges in/around this harbor and dock facility.

9. At all times herein mentioned, the SunCoke Defendants were owners and/or owners *pro hac vice* of various work and fleet of barges moored at KRT's Harbor and Dock Facility referenced above; Defendants were also owners or owners *pro hac vice* of the M/V Dorothy L (USCG # 973156) and M/V. A.S. Maynard (USCG #547160), used as harbor boats

for the purpose of navigating barges in/around this harbor and dock facility. SunCoke's Coal Logistics is purportedly one of the largest suppliers of metallurgic coal in North America.

10. At all times herein mention, Defendant, KRT directed, controlled, managed and caused to be navigated, as well as to be outfitted, manned, and maintained in commercial navigation on the navigable waters of the United States, including the Ohio River at Mile Marker 314.5, motor vessels, work barges and open hopper barges.

11. At all times herein mention, the Suncoke Defendants directed, controlled, managed and caused to be navigated, as well as to be outfitted, manned, and maintained in commercial navigation on the navigable waters of the United States, including the Ohio River at Mile Marker 314.5, motor vessels, work barges and open hopper barges.

12. On December 29, 2016, Plaintiff, Dana A. Webb, Sr., was employed by Defendants, KRT and/or SunCoke, aboard their fleet/flotilla of above-stated vessels in the capacity of a Longshore or Harbor Worker within the meaning and intendment of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901, 905(b).

13. On that date and place, Plaintiff was on the work barge traversing a steel deck-plate walkway, that was worn smooth, approaching the steps down into the hold when he slipped on the deck plate and, in turn, grabbed the railing to try and keep his balance. Still trying to get his balance, Plaintiff's left foot encountered the second step which was defective by virtue of a dip in the step and was also worn smooth, thereby causing his foot to slip and turn violently so that he felt a "snap", falling forward onto the hard floor below. This all caused injuries to Plaintiff's left ankle/foot which, in turn, caused hip/spine injuries, as more fully set forth below.

14. The incident above-mentioned was caused by a slip hazard in the smooth and slippery deck-plate steel walkway and the trip hazard created by the dip in the second step above described.

15. This incident and injuries to Plaintiff were caused, without any contributing fault or neglect on the part of the Plaintiff, solely by the said vessels' negligence, i.e. by virtue of the conditions referenced in paragraphs 13 and 14 above, and by the fault and negligence of the Defendants, Kanawha River Terminal, SunCoke Energy, Inc and SunCoke Energy Partners, LP, in their own right and through their agents, servants and employees, in either one or more of the following respects:  Defendants breached the duty to warn Plaintiff-longshoreman of the unsafe condition of the vessel and risk of harm to longshoremen which were known or should have been known to Defendants through the exercise of reasonable care;  and/or Defendants breached the duty to exercise due care to inspect and have the vessel and its walkways and its equipment in a reasonably safe condition and thereby avoid exposing longshoremen to harm from slip and trip hazards, above mentioned under control of the vessel.

16. As a result of this occurrence, Plaintiff sustained personal injuries, damages and permanent impairment, including among others, as follows:

    a) Injury to his left ankle resulting in a Grade III sprain/complete tear of the anterior talofibular ligament and a Grade I sprain of the posterior talofibular ligament requiring  an ankle reconstruction;

    b) As a direct result of the ankle injury, Plaintiff has been left with a permanent limp which is causing hip and back injuries and pain;

    c) Other serious and severe injuries

17. This incident and permanent injuries to Plaintiff occurred as a direct result of the unsafe condition of the aforesaid vessel and the joint and/or several negligence of Defendant, KRT in its own right, and as owner and/or owner *pro hac vice* of the aforementioned vessel, and the SunCoke Defendants, in their own right and as owner and/or owner *pro hac vice* of the aforementioned vessel, either or both or all of whom are responsible under the dictates of the Longshore and Harbor Workers Compensation Act, 33 U.S.C. § 905(b) and the General Maritime Law of the United States.

18. As a direct and proximate result of the negligence of the Defendants, KRT and SunCoke, in their own right and as owners of the aforementioned vessel, and Defendants, KRT and SunCoke, in their own right and as owner *pro hac vice* of the aforementioned vessel, the Plaintiff, Dana A. Webb, Sr., has been damaged, including, pain and suffering, past and future; loss of earnings and impairment of earning power in the future; loss of enjoyments of life and well-being, past and future; and the cost of medical and hospital services, past and future.

19. Defendant, KRT, in its own right and as owner and/or owner *pro hac vice* of the vessels above mentioned, and Defendants, SunCoke Energy, Inc, and SunCoke Energy Partners, L.P in their own right and as owner *pro hac vice* of the said vessels, are jointly and/or severally liable by reason of the aforesaid facts alleged above, and the injuries sustained by the Plaintiff were the direct and proximate result of the negligence of the vessel, and her owner(s) and her owner(s) *pro hac vice*.

## COUNT II

## MARITIME TORT

*Dana A Webb, Sr.*
*vs.*
*Kanawha River Terminals, LLC, Suncoke Energy, Inc. and*
*Suncoke Energy Partners, LLC*
*in their own right and as owners or owners pro hac*
*vice of certain vessels and barges*

20.     Paragraphs 1 through 19 are incorporated by referenced herein.

21.     During all times herein mentioned, Defendants or a subsidiary or affiliated company or entity, were responsible for making repairs to vessels, including the steps of the said work barge where Plaintiff was injured as alleged herein above.

22.     During all times herein mentioned, Defendants knew or had reason to know that the said work barge and steps thereon would be used and traversed by Plaintiff and other Longshore workers.  For this reason, it was necessary that the steps were properly maintained so the surface was free of the hazard, risk and danger of slip, trip and fall injury to longshoremen.

23.     In this connection, Defendants had a duty to assure that the deck surfaces had sufficient friction and without damages (dents and dips) so as to avoid exposing Longshoremen, including Plaintiff herein, to the hazard, danger and risk set forth in the preceding paragraph.

24.     Defendants breached this duty by failing to maintain safe and sufficient friction and repair the damage (dents, dips) thereby causing the injuries to Plaintiff, Dana A. Webb, Sr., as set forth above.

25.     As a direct and proximate result of the failure to maintain and repair the said vessels, the Plaintiff, Dana A. Webb, Sr., has been damaged, including having experienced, pain and suffering, past and future; loss of earnings and impairment of earning power in the future;

loss of enjoyments of life and well-being, past and future; and the cost of medical and hospital services, past and future.

WHEREFORE, Plaintiff-Longshoreman, DANA A. WEBB, SR., demands judgment under <u>Counts I and II</u> above, jointly and/or severally against the Defendants, KANAWHA RIVER TERMINALS, LLC, a limited liability company, in its own right and as owner or owner *pro hac vice* of the M/V Dorothy L and M/V. A.S. Maynard and a fleet of barges and 3 work barges referenced above; SUNCOKE ENERGY, INC., a corporation and SUNCOKE ENERGY PARTNERS, LP, a limited partnership, t/a SunCoke Energy, in their own right and as owners or owners *pro hac vice* of the M/V Dorothy L and M/V. A.S. Maynard and a fleet of barges and 3 work barges referenced above, for an amount in excess of Seventy-five Thousand Dollars ($75,000.00), exclusive of interest and costs.

## COUNT III

### LOSS OF CONSORTIUM

*Maida D. Webb*
*vs.*
*Kanawha River Terminals, LLC, Suncoke Energy, Inc. and*
*Suncoke Energy Partners, LLC*
*in their own right and as owners or owners pro hac*
*vice of certain vessels and* barges

26. Paragraphs 1 through 25 are incorporated by referenced herein.

27. Plaintiff, Maida D. Webb, is the wife of the injured Plaintiff, Dana Webb, Sr. and was dependent upon him for services, society and nurture. Plaintiff, Maida D. Webb brings this

cause of action and claim for relief individually and for loss of services, companionship, aid society, nurture, consortium and care of her husband as provided by law.

28. Due to the negligence of the vessels and Defendants, as set forth above, which directly and proximately caused the alleged injuries to the Plaintiff, Dana Webb, Sr., Plaintiff, Maida D. Webb, in her own right, has been and continues to be deprived of the care, society, nurture, aid, companionship and consortium of her husband, all to her damage and detriment in a sum to be determined by the proof provided.

29. Due to the negligence of the said vessels and Defendants, which directly and proximately caused these alleged injuries to the Dana Webb, Sr., Plaintiff, Maid D. Webb has been in the past and will be in the future required to expend large sums of money for the medical care and treatment of the Plaintiff, Dana Webb, Sr. a claim for which is hereby made.

WHEREFORE, Plaintiff-spouse, MAIDA D. WEBB, demands judgment, jointly and/or severally against the Defendants, KANAWHA RIVER TERMINALS, LLC, a limited liability company, in its own right and as owner or owner *pro hac vice* of the M/V Dorothy L and M/V. A.S. Maynard and a fleet of barges and 3 work barges referenced above; SUNCOKE ENERGY, INC., a corporation; and SUNCOKE ENERGY PARTNERS, LP, a limited partnership, t/a SunCoke Energy, in their own right and as owners or owners *pro hac vice* of the M/V Dorothy L and M/V. A.S. Maynard and a fleet of barges and 3 work barges referenced above, for an amount in excess of Seventy-five Thousand Dollars ($75,000.00), exclusive of interest and costs

Respectfully submitted,

THE MOSCHETTA LAW FIRM, P.C.
Court Square Building
28 West Cherry Avenue
Washington, PA 15301
P: 724.225.3060
F: 724.225.7311

By: s/Stephen P. Moschetta
     Stephen P. Moschetta, Esquire
     WV I.D. #10051
     Email: spm@moschettalaw.com

By: s/Joseph P. Moschetta
     Joseph P. Moschetta, Esquire
     WV I.D. #2658
     Email: jpm@moschettalaw.com

**Attorneys for Plaintiff**